IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation, | ) ) ) ) |
| Plaintiffs, | ) Case No. 2:19-cv-00015 ) ) |
| v. | ) ) |
| 111 PIT STOP, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

## **ORDER**

For the reasons explained in the Memorandum Opinion entered contemporaneously herewith, the Court finds that Plaintiffs have established a claim for trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114 and are entitled to default judgment against 111 Pit Stop, Inc. Furthermore, Plaintiffs have established a claim for contributory trademark infringement pursuant to the Lanham Act and are entitled to default judgment against Pareshbai Patel.

Accordingly, the Court hereby **GRANTS** Luxottica Group, S.p.A.'s and Oakley, Inc.'s Motion for Entry of Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure as to Defendants 111 Pit Stop, Inc. and Pareshbai Patel. (Doc. No. 27) and the Court grants the following relief to Plaintiffs:

A. A permanent injunction is entered against 111 Pit Stop, Inc. and Pareshbai Patel, pursuant to Rule 65 of the Federal Rules of Civil Procedure, forever restraining and enjoining 111 Pit Stop, Inc. and Pareshbai Patel, their agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1

1. Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Luxottica Group and Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Products, and engaging in any other activity constituting an infringement of any of Luxottica Group's and Oakley's rights in the Trademarks;

2. Engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group and Oakley;

3. From committing any act calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or are sponsored, approved or guaranteed by Plaintiffs, or are connected with and produced under the control or supervision of Plaintiffs;

4. From further diluting and infringing Plaintiffs' Trademarks and damaging its goodwill;

5. From causing, aiding, and/or abetting any other person from doing any act proscribed under (1) through (4) above; and

6. Requiring 111 Pit Stop, Inc. and Pareshbai Patel to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

B. A Judgment be entered against Defendants 111 Pit Stop, Inc. and Pareshbai Patel and in favor of Plaintiffs awarding statutory damages per counterfeit mark per type of good offered for sale in

accordance with Section 35 of the Lanham Act. 15 U.S.C. § 1117. Statutory damages, therefore, are awarded to Plaintiffs in the amount of $100,000 per type of counterfeit mark per type of counterfeit good infringed (4 Ray-Ban Trademarks @ $100,000 + 6 Oakley Trademarks @ $100,000), for a total award of $1,000,000.

C. Plaintiffs also seek costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117, as well as pre-judgment interest. Plaintiffs shall pursue these matters by way of a separate motion as required by Local Rule 54.01.

**IT IS SO ORDERED.**

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE